

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 9, 1963

Hon. Ben Ramsey and Ernest    Opinion No. C-74
O. Thompson
Members                        Re:  Whether certain advertising
Railroad Commission of Texas        on specialized motor vehicles
Austin, Texas                       violate Article 1690 in Ver-
                                    non's Penal Code?

ATTENTION:  C. R. McNamee

Gentlemen:

You have requested an opinion from this office as to the legality of the following tariff item:

"Upon tender of shipment in any quantity up to and including truckload lots, or when vehicle is ordered by shipper for exclusive use, shipper may, at his option, affix advertising on carrier's vehicle advertising those goods being transported subject to the following terms and conditions.  No advertising is permitted when shipments loaded on the truck and/or trailer consists of shipments from other shippers other than the shipper requesting advertising.  Shipments loaded on the truck and/ or trailer are to be left to the discretion of the carrier."

You have suggested that Paragraph (g) of Article 1690b, Vernon's Penal Code, might be applicable.  That paragraph provides as follows:

"(g)  It shall be unlawful for any motor carrier (common or contract), or the owner of a certificate or permit, or his agent, servant or employee, directly or indirectly, to offer, permit or give to any person, directly or indirectly, any commission or other consideration to induce such person to deliver to such motor carrier or certificate or permit owner, property to be transported; and it likewise shall be unlawful for any shipper or consignee or his agent, servant or employee, to receive from such motor carrier, directly or indirectly, any

-364-

> such commission or consideration as an induce-
> ment to secure the transportation of any such
> property.  Any person violating any of the pro-
> visions of this section shall be guilty of a
> misdemeanor, and shall, upon conviction, be
> punished by a fine not to exceed Two Hundred
> ($200) Dollars, and each such transaction shall
> constitute a separate offense."

An analysis of this section of Article 1690b shows that the element of the criminal offense set out are:  (1) the motor carrier or his representative must, directly or indirectly, offer permit or give a commission or other consideration to a shipper and (2) the reason for the commission or other consideration must be to induce such person to deliver to such motor carrier or certificate or permit owner property to be transported.  The offense so far as the shipper is concerned is that the shipper or his representative must receive some commission or consideration and such commission or consideration must be received as an inducement to secure the transportation of the property.

If we examine the proposed item for the tariff we find that it is the shipper who may "at his option" affix the advertising on the carrier's vehicle when he ships on the carrier any quantity of goods up to and including a truckload lot or when the vehicle is ordered by shipper for his exclusive use.  However, under the proposed items such advertising is not allowed if the shipment loaded on the truck and/or trailer contain items from other shippers.  It is further to be noted that the carrier is still in control of the shipment to be loaded on his trucks.  It should further be noted that the Tariff will apply to all shippers under this item and all shippers will therefore be allowed the same prerogatives.

We believe that advertising would be included as "other considerations" in the terms of the statute.  However, such considerations, as pointed out above, must be given as an inducement to the shipper and received by the shipper as an inducement to transport goods.  We read into the word inducement the connotation of "preferred treatment", as for example the type of preferred treatment that would be received from a motor carrier if he were to rebate part of the cost of the shipment. Inasmuch as all carriers and shippers are treated alike and all shippers are accorded the same opportunity under the item to place their advertisements on the carriers under the same conditions, it is our opinion that the item would not be in violation of the motor carrier law and particularly would not be a violation of Paragraph (g) of Article 1690b, Vernon's

Penal Code.

## S U M M A R Y

An item placed in a Tariff allowing the affixing of advertising on the carrier's vehicle at the option of the shipper when such shipper ships a quantity of goods on the carrier up to and including a truckload lot or when the vehicle is ordered by the shipper for his exclusive use and providing that no advertisement can be placed by such shipper on the carrier's vehicle when such shipment on the carrier's truck consists of shipments from other shippers not including the shipper requesting the advertisement will not be in violation of the Motor Carrier Law, particularly Article 1690b, Section (g), Vernon's Penal Code.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Sam R. Wilson
V. F. Taylor
W. O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone